**ALD-098**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-3429
_____

WILLIE L. DAVIS,

Appellant.

v.

WARDEN LEWISBURG USP; HARRELL WATTS; J.E. THOMAS

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 13-cv-01710)
District Judge:  Honorable Robert D. Mariani

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary
Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
January 30, 2015

Before: RENDELL, CHAGARES and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 10, 2015)

————————

O P I N I O N[*]

————————

**PER CURIAM**

Pro se litigant Willie Davis, proceeding in forma pauperis, appeals the District Court's order dismissing his complaint for failure to state a claim. For the reasons set forth below, we will summarily affirm the District Court's judgment.

Davis is currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. He filed the civil rights complaint at bar against J.E. Thomas, the Warden at USP-Lewisburg, and Harrell Watts, the Federal Bureau of Prisons National Inmate Appeals Administrator. According to Davis, the prison implemented a policy whereby the steel window covers on the cell doors belonging to all inmates in the Special Management Unit's G-Block, where Davis is housed, must remain closed between 6 a.m. and 10 p.m. This policy, he alleged, violates the Equal Protection Clause. Davis sought $3 million in compensatory and punitive damages as relief.

The Defendants moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the case. Davis did not respond to that motion, but rather filed a motion for sanctions and a motion for entry of default. The Magistrate Judge denied those motions and ordered Davis to respond to the Rule 12(b)(6) motion by January 3, 2014. When Davis did not do so, the Magistrate Judge recommended that the District Court dismiss the case. Davis objected. When the Defendants filed a brief in opposition to his objections, Davis filed a

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

response, but it did not address the substance of their motion to dismiss. The District Court overruled Davis's objections, but gave him 14 additional days to respond to the motion to dismiss. Once again, Davis did not file a response to the Rule 12(b)(6) motion. The Magistrate Judge recommended that the District Court dismiss the case, and Davis again objected without opposing the Rule 12(b)(6) motion. The District Court overruled Davis's objections and this time dismissed the case. We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

The District Court determined that dismissal was warranted under Local Rule 7.6,[1] under Federal Rule of Civil Procedure 41(b),[2] and on the merits. We may affirm on any basis supported in the record. Brown v. Pa. Dep't of Health Emergency Med. Servs., 318 F.3d 473, 475 n.1 (3d Cir. 2003). From the perspective of the merits alone, it is

---

[1] Local Rule 7.6 of the Middle District of Pennsylvania's Rules of Court provides the following: "Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. Any party who fails to comply with this rule shall be deemed not to oppose such motion."

[2] Federal Rule of Civil Procedure 41(b) provides the following: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." The District Court used the factors we have adopted to evaluate whether the sanction of a dismissal was appropriate here, and concluded that it was. See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868-70 (3d Cir. 1984).

3

clear that dismissal of this case was appropriate.[3] We do not, therefore, reach the District Court's other bases for dismissal.

To survive a motion to dismiss, a complaint must contain enough factual allegations "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Bare labels and conclusions will not suffice. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Here, that is all Davis has pleaded. He claims that all inmates in USP-Lewisburg's Special Management Unit — presumably, those on G-Block and those not on G-Block — are similarly situated in every relevant respect, yet he provides no details or explanation of how that is true. Such a naked assertion does not meet the pleading standard. See id. And (at least in the absence of an allegation of extreme arbitrariness, of a sort not alleged here) an Equal Protection claim cannot proceed without a plausible allegation that similarly situated individuals are being treated differently. See Artway v. Att'y Gen. of N.J., 81 F.3d 1235, 1267 (3d Cir. 1996); Klinger v. Dep't of Corr., 31 F.3d 727, 731 (8th Cir. 1994).

We are satisfied that under the circumstances of this case, the District Court properly dismissed Davis's complaint without offering leave to amend.[4] See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). We will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

_____

[3] Although the District Court did not address it, we note that Davis also alleged a violation of his civil rights under 18 U.S.C. § 242. This claim is meritless because § 242 is a criminal statute, through which no private cause of action is created. See, e.g., United States v. City of Phila., 644 F.2d 187, 198-99 (3d Cir. 1980).

[4] Leave to amend seems particularly futile here, given Davis's inability to comply with court directives and deadlines.